UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWRENCE G. MOORE,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social<br>Security,<br><br>　　　　　Defendant. | ) Case No. CV 11-10669 JC<br>)<br>)<br>) MEMORANDUM OPINION<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**I.　SUMMARY**

On December 27, 2011, plaintiff Lawrence G. Moore ("plaintiff") filed a Complaint seeking review of the Commissioner of Social Security's denial of plaintiff's application for benefits. The parties have consented to proceed before a United States Magistrate Judge.

This matter is before the Court on the parties' cross motions for summary judgment, respectively ("Plaintiff's Motion") and ("Defendant's Motion"). The Court has taken both motions under submission without oral argument. See Fed. R. Civ. P. 78; L.R. 7-15; December 29, 2011 Case Management Order ¶ 5.

///

Based on the record as a whole and the applicable law, the decision of the Commissioner is AFFIRMED. The findings of the Administrative Law Judge ("ALJ") are supported by substantial evidence and are free from material error.[1]

## II.   BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION

On November 18, 2009, plaintiff filed applications for Supplemental Security Income and Disability Insurance Benefits. (Administrative Record ("AR") 129, 137). Plaintiff asserted that he became disabled on June 20, 2008, due to depression, bi-polar disorder, inability to sleep, and difficulty concentrating. (AR 177). The ALJ examined the medical record and heard testimony from plaintiff and a vocational expert on October 15, 2010. (AR 44-71).

On November 2, 2010, the ALJ determined that plaintiff was not disabled through the date of the decision. (AR 30-37). Specifically, the ALJ found: (1) plaintiff suffered from the following non-severe impairments: mental depression, drug and alcohol abuse (in early remission) (AR 33); (2) plaintiff does not have a severe impairment or a combination of impairments that has significantly limited (or is expected to significantly limit) plaintiff's ability to perform basic work-related activities for 12 consecutive months (AR 33); and (3) plaintiff's allegations regarding his limitations were not credible to the extent they were inconsistent with the ALJ's finding that plaintiff has no severe impairment or combination of impairments (AR 35).

The Appeals Council denied plaintiff's application for review. (AR 1).

---

[1] The harmless error rule applies to the review of administrative decisions regarding disability. See Batson v. Commissioner of Social Security Administration, 359 F.3d 1190, 1196 (9th Cir. 2004) (applying harmless error standard); see also Stout v. Commissioner, Social Security Administration, 454 F.3d 1050, 1054-56 (9th Cir. 2006) (discussing contours of application of harmless error standard in social security cases).

## III. APPLICABLE LEGAL STANDARDS

### A. Sequential Evaluation Process

To qualify for disability benefits, a claimant must show that the claimant is unable to engage in any substantial gainful activity by reason of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least twelve months. Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) (citing 42 U.S.C. § 423(d)(1)(A)). The impairment must render the claimant incapable of performing the work claimant previously performed and incapable of performing any other substantial gainful employment that exists in the national economy. Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 42 U.S.C. § 423(d)(2)(A)).

In assessing whether a claimant is disabled, an ALJ is to follow a five-step sequential evaluation process:

(1) Is the claimant presently engaged in substantial gainful activity? If so, the claimant is not disabled. If not, proceed to step two.

(2) Is the claimant's alleged impairment sufficiently severe to limit the claimant's ability to work? If not, the claimant is not disabled. If so, proceed to step three.

(3) Does the claimant's impairment, or combination of impairments, meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, the claimant is disabled. If not, proceed to step four.

(4) Does the claimant possess the residual functional capacity to perform claimant's past relevant work? If so, the claimant is not disabled. If not, proceed to step five.

///
///

(5) Does the claimant's residual functional capacity, when considered with the claimant's age, education, and work experience, allow the claimant to adjust to other work that exists in significant numbers in the national economy? If so, the claimant is not disabled. If not, the claimant is disabled.

Stout v. Commissioner, Social Security Administration, 454 F.3d 1050, 1052 (9th Cir. 2006) (citing 20 C.F.R. §§ 404.1520, 416.920).

The claimant has the burden of proof at steps one through four, and the Commissioner has the burden of proof at step five. Bustamante v. Massanari, 262 F.3d 949, 953-54 (9th Cir. 2001) (citing Tackett, 180 F.3d at 1098); see also Burch, 400 F.3d at 679 (claimant carries initial burden of proving disability).

**B.  Standard of Review**

Pursuant to 42 U.S.C. section 405(g), a court may set aside a denial of benefits only if it is not supported by substantial evidence or if it is based on legal error. Robbins v. Social Security Administration, 466 F.3d 880, 882 (9th Cir. 2006) (citing Flaten v. Secretary of Health & Human Services, 44 F.3d 1453, 1457 (9th Cir. 1995)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (citations and quotations omitted). It is more than a mere scintilla but less than a preponderance. Robbins, 466 F.3d at 882 (citing Young v. Sullivan, 911 F.2d 180, 183 (9th Cir. 1990)).

To determine whether substantial evidence supports a finding, a court must "'consider the record as a whole, weighing both evidence that supports and evidence that detracts from the [Commissioner's] conclusion.'" Aukland v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001) (quoting Penny v. Sullivan, 2 F.3d 953, 956 (9th Cir. 1993)). If the evidence can reasonably support either affirming or reversing the ALJ's conclusion, a court may not substitute its judgment for that of the ALJ. Robbins, 466 F.3d at 882 (citing Flaten, 44 F.3d at 1457).

## IV. DISCUSSION

### A. The ALJ Properly Evaluated the Medical Opinion Evidence

#### 1. Pertinent Law

In Social Security cases, courts employ a hierarchy of deference to medical opinions depending on the nature of the services provided. Courts distinguish among the opinions of three types of physicians: those who treat the claimant ("treating physicians") and two categories of "nontreating physicians," namely those who examine but do not treat the claimant ("examining physicians") and those who neither examine nor treat the claimant ("nonexamining physicians"). Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1996) (footnote reference omitted). A treating physician's opinion is entitled to more weight than an examining physician's opinion, and an examining physician's opinion is entitled to more weight than a nonexamining physician's opinion.[2] See id. In general, the opinion of a treating physician is entitled to greater weight than that of a non-treating physician because the treating physician "is employed to cure and has a greater opportunity to know and observe the patient as an individual." Morgan v. Commissioner of Social Security Administration, 169 F.3d 595, 600 (9th Cir. 1999) (citing Sprague v. Bowen, 812 F.2d 1226, 1230 (9th Cir. 1987)).

The treating physician's opinion is not, however, necessarily conclusive as to either a physical condition or the ultimate issue of disability. Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989) (citing Rodriguez v. Bowen, 876 F.2d 759, 761-62 & n.7 (9th Cir. 1989)). Where a treating physician's opinion is not contradicted by another doctor, it may be rejected only for clear and convincing reasons. Orn v. Astrue, 495 F.3d 625, 632 (9th Cir. 2007) (citation and internal

---

[2] Cf. Le v. Astrue, 529 F.3d 1200, 1201-02 (9th Cir. 2008) (not necessary or practical to draw bright line distinguishing treating physicians from non-treating physicians; relationship is better viewed as series of points on a continuum reflecting the duration of the treatment relationship and frequency and nature of the contact) (citation omitted).

quotations omitted).  The ALJ can reject the opinion of a treating physician in favor of another conflicting medical opinion, if the ALJ makes findings setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record.  Id. (citation and internal quotations omitted); Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002) (ALJ can meet burden by setting out detailed and thorough summary of facts and conflicting clinical evidence, stating his interpretation thereof, and making findings) (citations and quotations omitted); Magallanes, 881 F.2d at 751, 755 (same; ALJ need not recite "magic words" to reject a treating physician opinion – court may draw specific and legitimate inferences from ALJ's opinion).  "The ALJ must do more than offer his conclusions."  Embrey v. Bowen, 849 F.2d 418, 421-22 (9th Cir. 1988).  "He must set forth his own interpretations and explain why they, rather than the [physician's], are correct."  Id.  "Broad and vague" reasons for rejecting the treating physician's opinion do not suffice.  McAllister v. Sullivan, 888 F.2d 599, 602 (9th Cir. 1989).

### 2. Analysis

In an August 6, 2010 Psychiatric/Psychological Impairment Questionnaire, plaintiff's treating psychologist, Dr. A.M. Aragon, diagnosed plaintiff with major depressive disorder, alcohol dependence, and cocaine dependence, and essentially opined that plaintiff is "markedly limited" in almost all mental functioning (collectively "Dr. Aragon's Opinions").  (AR 443-50).  Plaintiff contends that a remand or reversal is warranted because the ALJ improperly rejected Dr. Aragon's Opinions.  (Plaintiff's Motion at 13-15).  The Court disagrees.

First, the ALJ properly rejected Dr. Aragon's Opinions because they were not supported by the physician's own notes or the record as a whole.  See Bayliss v. Barnhart, 427 F.3d 1211, 1217 (9th Cir. 2005) ("The ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings.") (citation and

internal quotation marks omitted); Connett v. Barnhart, 340 F.3d 871, 875 (9th Cir. 2003) (treating physician's opinion properly rejected where treating physician's treatment notes "provide no basis for the functional restrictions he opined should be imposed on [the claimant]").  For example, as the ALJ discussed in great detail, plaintiff's treatment records reflect that plaintiff's mental condition was generally stable and even showed progressive improvement when plaintiff took prescribed medication.  (AR 35-36) (citing, *inter alia*, Exhibits 4F [AR 303-38], 10F [AR 367-72], 15F [AR 395-441]).  Moreover, as the ALJ noted, contrary to the significant mental limitations stated in Dr. Aragon's Opinions, Dr. Aragon reported five months earlier that plaintiff's thought content "had[] generally been in tact" and that "[plaintiff] ha[d] not directly endorsed [] hallucinations or delusions."  (AR 36) (citing Exhibit 3F at 5 [AR 300]).  Although plaintiff contends that his treatment records suggest more significant mental limitations (Plaintiff's Motion at 11-15), the Court will not second guess the ALJ's reasonable determination that they do not.  See Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001).

     Second, the ALJ properly discounted Dr. Aragon's Opinions to the extent they were based on plaintiff's subjective complaints (AR 36) (citing Exhibits 3F [AR 296-302], 4F at 5-10 [AR 307-12], 16F [AR 443-50], 17F [AR 451-52]) which, as noted below, the ALJ properly discredited.  See, e.g., Bayliss v. Barnhart, 427 F.3d 1211, 1217 (9th Cir. 2005) (ALJ properly rejected opinion of treating physician which was based solely on subjective complaints of claimant and information submitted by claimant's family and friends).

     Third, an ALJ may properly reject a medical opinion that is inconsistent with a plaintiff's demonstrated abilities.  Magallanes, 881 F.2d at 751-52.  Here, as the ALJ noted, the record reflects that plaintiff is able to shop for groceries, manage his finances/personal affairs, travel independently/take public transportation, schedule and arrive on time for almost all medical appointments,

and lift weights at least three times a week. (AR 35-37, 63, 200-01, 300, 316-18, 322-25, 327, 340, 341, 343, 396-98, 404-08, 411-12, 415, 417, 419). As the ALJ's decision suggests, such daily activities are inconsistent with the "disabling [mental] impairment" reflected in Dr. Aragon's Opinions. (AR 35-37).

Finally, the ALJ properly rejected Dr. Aragon's Opinions in favor of the conflicting opinions of the state-agency examining psychiatrist, Dr. Ernest A. Bagner (who determined that plaintiff would have "no limitations completing simple tasks," had mild limitations interacting with others, and "mild to moderate limitations handling work stress and completing a normal work week without interruption," but was "generally functioning well overall"), and the state-agency reviewing psychiatrist (who concluded that plaintiff had no restriction of activities of daily living, mild difficulties in maintaining social functioning, concentration, persistence or pace, and no episodes of decompensation of extended duration). (AR 36) (citing Exhibits 5F [AR 340-43], 6F [AR 344-46], 7F [AR 347-58] ). The opinions of Dr. Bagner were supported by his independent psychiatric examination of plaintiff, and thus, even without more, constituted substantial evidence upon which the ALJ could properly rely to reject the treating physician's opinions. See, e.g., Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir. 2001) (consultative examiner's opinion on its own constituted substantial evidence, because it rested on independent examination of claimant); Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995). The opinions of the state-agency reviewing psychiatrist also constitute substantial evidence supporting the ALJ's decision since they are consistent with the examining psychiatrist's opinions and underlying independent examination, as well as the other medical evidence in the record. See Tonapetyan, 242 F.3d at 1149 (opinions of nontreating or nonexamining doctors may serve as substantial evidence when consistent with independent clinical findings or other evidence in the record); Andrews, 53 F.3d at 1041 ("reports of the nonexamining advisor need not be discounted and may serve

as substantial evidence when they are supported by other evidence in the record and are consistent with it").

Accordingly, a remand or reversal on this basis is not warranted.

**B. The ALJ Properly Evaluated the Severity of Plaintiff's Mental Impairments**

**1. Pertinent Law**

At step two of the sequential evaluation process, plaintiff has the burden to present evidence of medical signs, symptoms and laboratory findings[3] that establish a medically determinable physical or mental impairment that is severe, and that can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least twelve months. Ukolov v. Barnhart, 420 F.3d 1002, 1004-1005 (9th Cir. 2005) (citing 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D)); see 20 C.F.R. §§ 404.1520, 416.920. Substantial evidence supports an ALJ's determination that a claimant is not disabled at step two where "there are no medical signs or laboratory findings to substantiate the existence of a medically determinable physical or mental impairment." Id. (quoting SSR 96-4p, 1996 WL 374187, at *1-*2).

Step two is "a de minimis screening device [used] to dispose of groundless claims." Smolen v. Chater, 80 F.3d 1273, 1290 (9th Cir. 1996). Applying the

---

[3]A medical "sign" is "an anatomical, physiological, or psychological abnormality that can be shown by medically acceptable clinical and laboratory diagnostic techniques[.]" Ukolov v. Barnhart, 420 F.3d 1002, 1005 (9th Cir. 2005) (quoting Social Security Ruling ("SSR") 96-4p, 1996 WL 374187, at *1 n.2). A "symptom" is "an individual's own perception or description of the impact of his or her physical or mental impairment(s)[.]" Id. (quoting SSR 96-4p, 1996 WL 374187, at *1 n.2); see also 20 C.F.R. §§ 404.1528(a)-(b), 416.928(a)-(b). "[U]nder no circumstances may the existence of an impairment be established on the basis of symptoms alone." Ukolov, 420 F.3d at 1005 (citation omitted); SSR 96-4p, 1996 WL 374187, at *1-2 ("[R]egardless of how many symptoms an individual alleges, or how genuine the individual's complaints may appear to be, the existence of a medically determinable physical or mental impairment cannot be established in the absence of objective medical abnormalities; i.e., medical signs and laboratory findings.").

1  normal standard of review to the requirements of step two, a court must determine
2  whether an ALJ had substantial evidence to find that the medical evidence clearly
3  established that the claimant did not have a medically severe impairment or
4  combination of impairments.  Webb v. Barnhart, 433 F.3d 683, 687 (9th Cir. 2005)
5  (citation omitted); see also Yuckert v. Bowen, 841 F.2d 303, 306 (9th Cir. 1988)
6  ("Despite the deference usually accorded to the Secretary's application of
7  regulations, numerous appellate courts have imposed a narrow construction upon
8  the severity regulation applied here.").  An impairment or combination of
9  impairments can be found "not severe" only if the evidence establishes a slight
10 abnormality that has "no more than a minimal effect on an individual's ability to
11 work."  Webb, 433 F.3d at 686 (citation omitted).

### 2.     Additional Pertinent Facts

As noted above, at step two of the sequential evaluation process, the ALJ determined that plaintiff's depression was not severe.  (AR 33).  Since plaintiff claimed he was disabled due to a medically determinable *mental* impairment, the ALJ reached his step-two determination by evaluating the four broad functional areas known as "paragraph B" criteria.  More specifically, the ALJ determined – based primarily on the opinions of the state-agency examining and reviewing psychiatrists – that plaintiff had (1) no limitation in activities of daily living, mild limitations in social functioning, concentration, persistence, or pace, and no episodes of decompensation which have been of extended duration.  (AR 35-36).

### 3.     Analysis

Plaintiff contends that reversal or remand is warranted because the ALJ failed to find at step two that plaintiff's depression was a severe mental impairment.  (Plaintiff's Motion at 10-15).  Specifically, plaintiff argues that the ALJ's findings at step two are erroneous essentially because the ALJ (i) improperly evaluated Dr. Aragon's Opinions; and (ii) misinterpreted plaintiff's other mental health records.  (Plaintiff's Motion at 10-15).  The Court finds that

the ALJ's step two findings are free from material error and are supported by substantial evidence.

The record medical evidence clearly supports the ALJ's determination at step two that plaintiff's depression was not a severe mental impairment. In determining whether or not a plaintiff's mental impairment is severe, ALJs are required to evaluate the degree of mental limitation in the following four areas: (1) activities of daily living; (2) social functioning; (3) concentration, persistence, or pace; and (4) episodes of decompensation. If the degree of limitation in these four areas is determined to be "mild," a plaintiff's mental impairment is generally not severe, unless there is evidence indicating a more than minimal limitation in his ability to perform basic work activities.[4] See 20 C.F.R. §§ 404.1520a(c)-(d), 416.920a(c)-(d). Here, the ALJ found no limitations in plaintiff's activities of daily living, only mild limitations in plaintiff's social functioning, concentration, persistence, and pace, and no episodes of decompensation. (AR 35-36). Therefore, the ALJ properly concluded that plaintiff did not have a severe mental impairment. See 20 C.F.R. §§ 404.1520a(d)(1), 416.920a(d)(1). Substantial medical evidence supports the ALJ's conclusion. As the ALJ noted, his findings essentially mirror the state-agency reviewing psychiatrist's assessment of the "paragraph B" criteria – which assessment is consistent with the findings of the state-agency examining physician and the record medical evidence. (AR 35-36) (citing, *inter alia*, Exhibit 7F at 9 [AR 355]). As discussed above, these medical opinions constitute substantial evidence which supports the ALJ's findings. See Tonapetyan, 242 F.3d at 1149; Andrews, 53 F.3d at 1041.

Dr. Aragon's Opinions do not undercut the ALJ's findings at step two. As discussed above, the ALJ properly evaluated such medical opinion evidence and,

---

[4]Basic work activities include: (1) understanding, carrying out, and remembering simple instructions; (2) responding appropriately to supervision, co-workers and usual work situations; and (3) dealing with changes in a routine work setting. See 20 C.F.R. §§ 404.1521, 416.921.

11

to the extent he rejected it, the ALJ did so based on specific, legitimate, clear and convincing reasons supported by substantial evidence. While plaintiff suggests that other medical records demonstrate that his mental impairments have more than a minimal effect on his ability to work (Plaintiff's Motion at 11-13), this Court will not second-guess the ALJ's reasonable interpretation that they do not, even if such evidence could give rise to inferences more favorable to plaintiff.

Accordingly, a remand or reversal is not warranted on this basis.

### C. The ALJ Properly Evaluated Plaintiff's Credibility

#### 1. Pertinent Law

Questions of credibility and resolutions of conflicts in the testimony are functions solely of the Commissioner. Greger v. Barnhart, 464 F.3d 968, 972 (9th Cir. 2006). If the ALJ's interpretation of the claimant's testimony is reasonable and is supported by substantial evidence, it is not the court's role to "second-guess" it. Rollins, 261 F.3d at 857.

An ALJ is not required to believe every allegation of disabling pain or other non-exertional impairment. Orn, 495 F.3d at 635 (citing Fair v. Bowen, 885 F.2d 597, 603 (9th Cir. 1989)). If the record establishes the existence of a medically determinable impairment that could reasonably give rise to symptoms assertedly suffered by a claimant, an ALJ must make a finding as to the credibility of the claimant's statements about the symptoms and their functional effect. Robbins, 466 F.3d 880 at 883 (citations omitted). Where the record includes objective medical evidence that the claimant suffers from an impairment that could reasonably produce the symptoms of which the claimant complains, an adverse credibility finding must be based on clear and convincing reasons. Carmickle v. Commissioner, Social Security Administration, 533 F.3d 1155, 1160 (9th Cir. 2008) (citations omitted). The only time this standard does not apply is when there is affirmative evidence of malingering. Id. The ALJ's credibility findings "must be sufficiently specific to allow a reviewing court to conclude the ALJ

rejected the claimant's testimony on permissible grounds and did not arbitrarily discredit the claimant's testimony." Moisa v. Barnhart, 367 F.3d 882, 885 (9th Cir. 2004).

To find the claimant not credible, an ALJ must rely either on reasons unrelated to the subjective testimony (*e.g.*, reputation for dishonesty), internal contradictions in the testimony, or conflicts between the claimant's testimony and the claimant's conduct (*e.g.*, daily activities, work record, unexplained or inadequately explained failure to seek treatment or to follow prescribed course of treatment). Orn, 495 F.3d at 636; Robbins, 466 F.3d at 883; Burch, 400 F.3d at 680-81; SSR 96-7p. Although an ALJ may not disregard such claimant's testimony solely because it is not substantiated affirmatively by objective medical evidence, the lack of medical evidence is a factor that the ALJ may consider in his credibility assessment. Burch, 400 F.3d at 681.

### 2. Analysis

Plaintiff contends that the ALJ inadequately evaluated the credibility of his subjective complaints. (Plaintiff's Motion at 15-16). The Court disagrees.

Here, the ALJ properly discounted plaintiff's subjective complaints as inconsistent with plaintiff's daily activities. See Thomas, 278 F.3d at 958-59 (inconsistency between the claimant's testimony and the claimant's conduct supported rejection of the claimant's credibility); Verduzco v. Apfel,188 F.3d 1087, 1090 (9th Cir. 1999) (inconsistencies between claimant's testimony and actions cited as a clear and convincing reason for rejecting the claimant's testimony). For example, as the ALJ noted and as discussed above, contrary to plaintiff's allegations of "disabling mental symptoms," the record reflects that plaintiff is able to shop, manage his personal affairs, travel independently on public transportation, consistently schedule and keep timely medical appointments, and lift weights on a regular basis. (AR 35-37, 63, 200-01, 300, 316-18, 322-25, 327, 340, 341, 343, 396-98, 404-08, 411-12, 415, 417, 419).

While plaintiff contends that none of the foregoing activities "reasonably bears upon [plaintiff's] ability to perform the mental activities [required for engaging in] substantial gainful activity," the Court will not second-guess the ALJ's reasonable determination that they do, even if such evidence could give rise to inferences more favorable to plaintiff.

Accordingly, a remand or reversal on this basis is not warranted.

**V.     CONCLUSION**

For the foregoing reasons, the decision of the Commissioner of Social Security is affirmed.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: May 31, 2012

                                        /s/
                                    Honorable Jacqueline Chooljian
                                    UNITED STATES MAGISTRATE JUDGE